UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED D. LUDDY,<br><br>　　　　　　　Plaintiff<br><br>　　v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　　　　　Defendants | Case No. 3:24-cv-00174-MMD-CLB<br><br>ORDER |

**I.     DISCUSSION**

Pro se Plaintiff Alfred D. Luddy has an inmate early mediation conference on Tuesday, September 10, 2024. (ECF No. 6). Plaintiff filed a "notice" informing the Court that he granted limited power of attorney to inmate Dennis L. McCabe for "all legal matters involving U.S. District Court Case No. 3:24-cv-00174-MMD-CLB, to and including all mediation matters, and to act as my legal guardian of fact." (ECF No. 15 at 4). In his "notice," Plaintiff also requests that Deputy Attorney General Douglas Rand make arrangements to have Dennis McCabe present for all future hearings and communications. (*Id.* at 2).

Plaintiff subsequently filed a motion requesting that Dennis McCabe be present during the mediation conference. (ECF No. 16). In his motion, Plaintiff first states that he requests McCabe's presence so that McCabe can "act as his agent and assist Plaintiff in the mediation process." (*Id.* at 1). Plaintiff then states that McCabe will not be acting as an attorney, but as an inmate assistant. (*Id.* at 1-2). In his motion, Plaintiff also states that he suffers from impaired vision and speech. (*Id.* at 1).

Nevada's Uniform Power of Attorney Act is codified in Nevada Revised Statute Chapter 162A and governs powers of attorney for financial matters and healthcare decisions. A "[p]ower of attorney" is "a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term 'power of attorney' is used." Nev. Rev. Stat. § 162A.090. Under NRS § 162A.470, the "construction of authority

generally" provides that a power of attorney may authorize the principal's agent to "[d]emand, receive and obtain, by litigation or otherwise, money or another thing of value to which the principal is, may become or claims to be entitled . . . ." Nev. Rev. Stat. § 162A.470(1).

However, it is unlawful for a person to practice law in Nevada unless that person is an "active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant to the rules of the Supreme Court." Nev. Rev. Stat. § 7.285(1)(a). It is well-established in both Nevada state courts and the federal courts that an individual may represent himself or herself in court but there is no rule or statue that permits a non-attorney to represent any other person in court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that *pro se* litigants have the right to plead and conduct their own cases personally); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf").

In *Eby v. Johnston L. Off., P.C.*, 518 P.3d 517 (Nev. App. 2022), the Nevada Court of Appeals directly addressed an inmate's argument that Nevada's power of attorney laws permitted "a nonlawyer agent with a valid power of attorney concerning claims and litigation to essentially step into the shoes of the principal and litigate an action as if the principal were proceeding in pro se, or that it simply authorizes such an agent to engage in the practice of law on the principal's behalf." *Id.* at 523. The Nevada Court of Appeals rejected that argument and held "a nonlawyer agent under a power of attorney is not entitled to appear in pro se in place of the principal or engage in the practice of law on the principal's behalf." *Id.* at 526. Instead, the Nevada Court of Appeals explained that the power of attorney is "better understood as allowing a principal to grant an agent the authority over claims and litigation the principal would have as a *client* in an attorney-client relationship." *Id.* (emphasis added).

In this case, inmate Dennis McCabe is not an active member of the State Bar of Nevada and is not authorized to practice law in Nevada. McCabe cannot act as Plaintiff's attorney in this case. Thus, to the extent that Plaintiff's "notice" is telling the Court that McCabe is Plaintiff's attorney or that McCabe is stepping into Plaintiff's shoes as the pro se litigant, the notice is denied. Plaintiff must represent himself in this case and must show up to any mediations and hearings ordered by the Court in this case. If Plaintiff does not appear at the court-ordered mediations or hearings, Plaintiff's case may be subject to dismissal.

As for Plaintiff's motion to have McCabe present at the mediation conference, the Court grants Plaintiff's motion in part. To the extent that the motion requests that McCabe be allowed to participate as Plaintiff's "agent," it is denied. McCabe is not authorized to make any decisions or act on Plaintiff's behalf. Plaintiff must make all the decisions regarding this case himself or else procure an attorney to represent him. However, to the extent that Plaintiff is requesting McCabe's presence to help him understand the mediation conference and assist Plaintiff with his vision and speech impairments, the Court will grant the motion. The Court notes that this decision is limited to the upcoming mediation only and made in the interest of giving the parties the best chance at coming to an agreement. Plaintiff should not construe this as a general order regarding McCabe's presence at any other hearings or his ongoing participation in this case.

II.     **CONCLUSION**

It is therefore ordered that Plaintiff will appear and represent himself at any court-ordered mediations or hearings because a non-lawyer cannot represent Plaintiff in this case.

It is further ordered that, if Plaintiff does not appear at the court-ordered mediations or hearings, this action may be subject to dismissal without prejudice.

It is further ordered that inmate Dennis McCabe will be permitted to attend the mediation conference to assist Plaintiff, but the Court reiterates that he may not serve as Plaintiff's counsel or agent, and he may not advocate for Plaintiff at the hearing.

It is further ordered that, in the interest of a productive mediation conference, the Defendants shall make reasonable efforts to allow McCabe to attend the mediation conference to assist Plaintiff.

DATED THIS 5th day of September 2024.

_____
UNITED STATES MAGISTRATE JUDGE